In the Matter of WILLIAM B. BURKE, an Attorney, Respondent. NEW YORK STATE BAR ASSOCIATION, Petitioner.

Fourth Department, April 13, 1973.

*George P. Bluhm* for petitioner.

*William B. Burke,* respondent in person.

*Per Curiam.* Respondent was admitted to the Bar by this court on June 23, 1965.

By petition verified December 22, 1972 the following acts of professional misconduct were charged against him:

1. That he neglected, ignored and failed to honor a judgment taken against him by the New York Higher Education Assistance Corp. and a Supreme Court contempt order issued upon his failure to answer an information subpoena.

2. That he failed, neglected and omitted to prosecute a client's claim founded in negligence, allowing the Statute of Limitations to run.

3. That he failed, neglected and omitted to file or turn over to a client a deed and over a two-year period failed to notify the client that the deed was lost and unrecorded.

4. That he commingled and converted to his own use $200 of a client's funds entrusted to him to transmit to another attorney for his fees.

5. That he commingled and converted $75 of a client's funds paid to him as a fee for services which he failed and neglected to perform.

6. That he failed and neglected to reply to inquiries of the Onondaga Bar Association concerning a check of his which was returned because of insufficient funds and he gave false testimony under oath to the New York State Bar Association Grievance Committee concerning payment of such check.

7. That he failed to acknowledge or reply to various inquiries by petitioner concerning such charges, failed to appear at a hearing or otherwise communicate with petitioner concerning a hearing, relating to the charges, at which he was directed to appear pursuant to notice given by petitioner and failed to attend a hearing before a staff attorney of the Grievance Committee of petitioner to which he had been subpoenaed to appear.

Additional acts of professional misconduct were charged against respondent by a supplemental petition verified February 8, 1973:

1. That he failed, neglected and omitted to return an unearned $225 retainer paid him by a client on a patent application, despite his promise to return it.

2. That he failed to acknowledge or reply to various inquiries from the Onondaga Bar Association and the New York State Bar Association Grievance Committee concerning such charge.

3. That he failed to acknowledge or reply to inquiries from a client concerning his failure to provide for its incorporation as a nonprofit association.

4. That he failed to acknowledge or reply to various inquiries from the Onondaga Bar Association and the New York State Bar Association concerning such charge.

Respondent has not entered a defense to any of the charges in the petition and supplemental petition except charge " 1 " in the supplemental petition, and we make no determination as to the issues presented thereon. His verified statement submitted in mitigation of the charges, while explanatory of certain aspects of his conduct, does not controvert or purport to constitute a defense to the other charges made. The absence of any asserted defense against such charges or denial of their essential truth must be taken as an admission of them.

The acts of professional misconduct alleged were in violation of canons 1, 8, 11, 12, and 29 of the Canons of Professional Ethics and Disciplinary Rules 1–102, 2–106, 6–101, 7–101, and 9–102 of the Code of Professional Responsibility.

The conduct of respondent constitutes a serious violation of the standards of conduct required of a member of the Bar in discharging duties owed his clients. He should be suspended from the practice of law for one year effective commencing May 15, 1973 and thereafter until the further order of the court.

GOLDMAN, P. J., MARSH, WITMER, MOULE and HENRY, JJ., concur.

Order of suspension entered.